**Fried, Frank, Harris, Shriver & Jacobson LLP**
One New York Plaza
New York, New York 10004
Tel: +1.212.859.8000
Fax: +1.212.859.4000
www.friedfrank.com

**FRIED FRANK**

Direct Line: 1.212.859.8914
Fax: 1.212.859.4000
Email: michael.keats@friedfrank.com

March 9, 2022

**Via ECF and Email**

The Honorable Katherine Polk Failla
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

**MEMO ENDORSED**

Dear Judge Failla:

  Re:  *Chechele v. Standard General L.P.* et al., Case No 20-cv-3177-KPF

  As you know, we represent the Standard General Defendants in the above-captioned matter. We write to update the Court on a significant development among the parties and to request that this Court temporarily stay all proceedings in the above-captioned action, including the pending motion to certify the Court's July 8, 2021 Opinion and Order for interlocutory appeal (ECF Nos. 37 and 38).

  On February 22, 2022, nominal defendant TEGNA Inc. ("TEGNA") and Defendant Standard General L.P. ("Standard General") announced that they had entered into a definitive agreement under which TEGNA will be acquired by an affiliate of Standard General for $24.00 per share in cash, representing a premium of approximately 39% to TEGNA's shareholders. The transaction has an equity value of approximately $5.4 billion and an enterprise value of approximately $8.6 billion (including the assumption of debt). Upon closing of the transaction, all TEGNA shareholders—including Plaintiff Chechele—will receive cash for their shares, TEGNA will become a private company, and its shares will no longer be traded on the New York Stock Exchange or any other national exchange. We enclose a copy of the announcement from TEGNA for the Court's reference.

  This development is significant because, upon closing of the transaction, Plaintiff Chechele will no longer have any continuing financial stake in TEGNA, as is required for her to maintain an action under Section 16(b). "To invoke federal jurisdiction, a plaintiff must show a 'personal stake' in the outcome of the action" such that there is an "actual and concrete" dispute "at all stages of review, not merely at the time the complaint is filed." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018) (internal citations omitted). As the Supreme Court

The Honorable Katherine Polk Failla                                       March 9, 2022
                                                                          Page 2

explained in *Gollust v. Mendell*, 501 U.S. 115, 124-35 (1991) (internal citations and footnotes omitted):

> [W]e have no difficulty concluding that, in the enactment of § 16(b), Congress understood and intended that, throughout the period of his participation, a plaintiff authorized to sue insiders on behalf of an issuer would have some continuing financial interest in the outcome of the litigation, both for the sake of furthering the statute's remedial purposes by ensuring that enforcing parties maintain the incentive to litigate vigorously and to avoid the serious constitutional question that would arise from plaintiff's loss of all financial interest in the outcome of the litigation he had begun.

Once Plaintiff Chechele loses her financial stake in the litigation, her claim will become moot, warranting dismissal. *Sanchez-Gomez*, 138 S. Ct. at 1537 ("A case that becomes moot at any point during the proceedings is no longer a Case or Controversy for purposes of Article III, and is outside the jurisdiction of the federal courts.") (internal quotations omitted); *Klein v. Qlik Techs., Inc.*, 906 F.3d 215, 225 (2d Cir. 2018) (finding that, where plaintiff loses financial stake in litigation after commencement, Section 16(b) claim becomes moot absent the substitution of a real party in interest); *Heine v. Soros*, 93 Civ. 9027, 1994-95 Transfer Binder, Fed. Sec. L. Rep. ¶ 98,496 (S.D.N.Y. Nov. 3, 1994) (dismissing Section 16(b) claims where plaintiff's shares were extinguished in cash-out merger); *Klein v. Landon*, 487 F. Supp. 2d 1132, 1138-40 (N.D. Cal. 2007) (same); *Untermeyer v. Valhi, Inc.*, 665 F. Supp. 297 (S.D.N.Y. 1987), *aff'd mem.*, 841 F.2d 1117 (2d Cir. 1988) (dismissed on summary judgment). *Cf. Morrison v. Eminence Capital, LLC*, 238 F. Supp. 3d 542, 547-48 (S.D.N.Y. 2017) (Abrams, J.) (finding that plaintiff did not have standing to bring Section 16(b) claim following stock-for-stock swap that converted plaintiff into shareholder of parent company).

In view of the foregoing, we respectfully submit that the Court need not resolve the Standard General Defendants' pending Motion to Certify the Court's July 8, 2021 Opinion and Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (ECF Nos. 37 and 38), and should instead stay all proceedings in the above-captioned action pending further notice of the closing date for the proposed transaction.

We appreciate the Court's time and attention to this matter. We are available for a status conference should the Court deem further discussion prudent and beneficial.

                              Respectfully yours,

                              */s/ Michael C. Keats*

                              Michael C. Keats

cc:    James Hunter, Esq. (via ECF)
       David Lopez, Esq. (via ECF)
       Miriam Tauber, Esq. (via ECF)

The Court is in receipt of Defendant Standard General's request that this Court temporarily stay all proceedings in this action pending further notice of the closing date for the proposed transaction.  Plaintiff is hereby ORDERED to file a response to Defendant's request on or before March 14, 2022.

Dated:    March 9, 2022                SO ORDERED.
          New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE