UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNA ANN GABRIELE CHECHELE,

                    Plaintiff,

-against-

STANDARD GENERAL MASTER FUND L.P.. et al.,

                    Defendants.

1:20-cv-03177 (JLR)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

On March 9, 2022, Defendants requested that the Court stay this action given that Defendant Standard General L.P. was entering into a definitive agreement under which Nominal Defendant TENGA Inc. would be acquired by an affiliate of Standard General L.P. *See* ECF No. 49. Both parties submitted additional briefing. *See* ECF Nos. 52, 54. The Court thereafter held oral argument. *See* ECF No. 56. At the argument, Defendants stated that the transaction was anticipated to close by the end of the year, while explaining that the transaction process could take longer because TENGA Inc. is a media company and the transaction must therefore undergo regulatory processes. *See id*. at 3:23-25, 4:1-6.

On April 21, 2022, the Court granted the stay pending further order of the Court. *See id*. at 18:15. The Court determined that "proceeding with discovery or further proceedings in this case makes no sense when these matters could be very much affected by the possibility of the merger or by the possibility of related litigation to the merger in courts other than this one." *Id*. at 18:1-15. The Court's decision contemplated that the stay may continue until after Plaintiff has filed an appraisal action in Delaware courts following completion of the expected transaction. *See, e.g.*, *id*. at 18:1-4.

On January 2, 2023, Plaintiff filed a letter motion requesting that the Court lift the stay because the transaction had not been completed by year's end as predicted by Defendants. *See* ECF No. 60. Defendants filed a response on January 11, 2023 (*see* ECF No. 62) and Plaintiff filed a reply letter on January 15, 2023 (*see* ECF No. 63). Defendants requested that the stay remain in place until at least March 31, 2023, at which time Defendants would provide a status update to the Court if the transaction had not yet closed. *See* ECF No. 62 at 3.

"[T]he power to stay proceedings" – or to continue a stay already imposed – "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The determination whether to stay proceedings is "firmly within a district court's discretion." *Catskill Mts. Chapter of Trout Unlimited, Inc. v. United States EPA*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009) (quoting *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005)). Courts generally consider: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Delgado v. NJ Transit Rail Operations, Inc.*, 329 F.R.D. 506, 508 (S.D.N.Y. 2019) (quoting *Catskill Mts. Chapter of Trout Unlimited, Inc.*, 630 F. Supp. 2d at 304). Additionally, a district court has "considerable discretion to stay discovery" pursuant to Rule 26(c) of the Federal Rules of Civil Procedure upon a showing of "good cause." *Id*. (quoting *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018)).

The Court finds that lifting the stay already in place in this action is not warranted at this time. The Court's prior determination to stay this action was the result of letter briefing and thorough oral argument. *See generally* ECF No. 56. Moreover, the Court did not indicate that the stay should be lifted by year's end, and instead contemplated that the stay may continue past completion of the acquisition agreement and through Plaintiff's filing of an appraisal action in a different court. *Id*. Plaintiff's arguments why the stay should be lifted are substantially similar to arguments Plaintiff did or could have made prior to entry of the stay.

Plaintiff's additional argument that Plaintiff is allegedly a stockholder of Apollo Global Management, Inc., a financier of the transaction, and Plaintiff would therefore retain a continuing financial stake in the outcome of this litigation post-transaction, does not warrant lifting the stay at this time. *See* ECF Nos. 60 at 2-3; ECF No. 62 at 2-3. The Court finds that the anticipated transaction could result in serious questions as to Plaintiff's standing in this case and, as the Court found less than one year ago, "proceeding with discovery or further proceedings in this case makes no sense when these matters could be very much affected by the possibility of the merger or by the possibility of related litigation to the merger in courts other than this one." ECF No. 56 at 18:1-15. Plaintiff has not shown prejudice from continuing the stay at this time. *See Delgado*, 329 F.R.D. at 508 (explaining that the "basic goal is to avoid prejudice" when staying proceedings (quoting *LaSala*, 399 F. Supp. 2d at 427)). But lifting the stay would burden Defendants, who would need to expend resources proceeding through discovery and litigation that could be affected by the expected transaction. And the courts and public have an interest in an efficient judicial calendar.

Accordingly, Plaintiff's request is DENIED and this action shall remain stayed. The parties shall file a joint status letter on or before March 31, 2023.

The Clerk of Court is respectfully directed to terminate ECF No. 60.

Dated: February 7, 2023
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge